UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER PRINGLE, | ) |
| Petitioner, | ) |
| v. | ) No. 1:19-cv-03961-TWP-MJD |
| STATE OF INDIANA, et al. | ) |
| Respondents. | ) |

**Order Dismissing Petition for a Writ of Habeas Corpus for Lack of Jurisdiction**

Roger Pringle brought this action alleging that he is in custody unlawfully pursuant to a negotiated guilty plea in Indiana case number 03D01-1109-FD-5086. He filed a petition on September 18, 2019, dkt. 1, and an amended petition on September 27, 2019, dkt. 4. Mr. Pringle already has brought a § 2254 habeas petition in this Court challenging the same conviction. That petition was denied as procedurally defaulted. *Pringle v. Warden*, No. 1:18-cv-03200-RLY-DLP, dkt. 28 (Dec. 17, 2018) (Unpub. Order).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Indeed, a district court does not have subject matter jurisdiction over a second or successive petition. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999). The "district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *Page*, 170 F.3d at 661. There is no indication that Mr. Pringle has obtained leave

from the Seventh Circuit to file this successive petition. Accordingly, this action is **dismissed** for a lack of jurisdiction. Mr. Pringle must seek authorization from the Seventh Circuit Court of Appeals before this Court may consider his petition. All pending motions are **vacated**.

The Court notes that Mr. Pringle styled his original petition as a "Motion Filing Civil Procedure Claim for Relief. Rule 8(a)." Dkt. 1. Rule 8(a) of the *Federal Rules of Civil Procedure* provides the requirements to state a claim for relief. If Mr. Pringle seeks to file a civil complaint instead of a habeas corpus petition, he must do so in a separate action. But the Court reminds him that he has amassed three "strikes" and so may not proceed *in forma pauperis* in a non-habeas civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Pringle v. Zatecky*, No. 1:18-cv-02188-RLY-DLP, dkt. 3 (July 19, 2018) (Unpub. Order) (identifying strikes).

IT IS SO ORDERED.

Date: 10/7/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROGER PRINGLE
199010
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391